■ LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant, v. GEORGE J. BROWN, as Administrator of the Estate of MABEL G. BROWN, Deceased, et al, Respondents.— Judgment unanimously modified in accordance with Memorandum and, as modified, affirmed, with costs to respondents. Memorandum: The trial court correctly determined that plaintiff was not entitled to a declaration in its favor but erroneously dismissed the complaint. It should have granted a declaration declaring the rights of the parties (*Hoffman* v. *City of Syracuse,* 2 N Y 2d 484, 487; *Matter of Mandis* v *Gorski,* 24 A D 2d 181, 184). Such a declaration will be incorporated in the order to be entered herein. (Appeal from judgment of Erie Trial Term dismissing declaratory judgment action.) Present — Bastow, J. P., Goldman, Del Vecchio and Marsh, JJ.

■ ISADORE I. HAMMER, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 42027.) — Judgment affirmed, without costs. All concur, except Goldman and Marsh, JJ., who dissent and vote to modify the judgment by increasing the award to $17,150, in the following memorandum: The trial court found that "the highest and best use * * * was for residential use with potential value for commercial purposes". Notwithstanding this finding, the court adopted the land valuation testified to by the State's witness who based his valuation on his opinion that the highest and best use was residential only. The record amply demonstrates that the neighborhood is rapidly losing its residential character and soon will be predominantly commercial. The testimony of claimant's expert and the comparable sales offered by claimant amply support a $1.50 per square foot valuation for the commercial potential of the property. We would, therefore, increase the land valuation to $9,830, making a total award of $17,150. (Appeal from judgment of Court of Claims on a claim for permanent appropriation.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.